## SOVEREIGN CAMP, W. O. W., v. HELM.
### No. 2969.

Court of Civil Appeals of Texas. El Paso.
March 29, 1934.

Rehearing Denied April 12, 1934.

214

J. Walker Morrow, of El Paso, for appellant.

Gowan Jones, of El Paso, for appellee.

PELPHREY, Chief Justice.

Appellant is a fraternal benefit society incorporated under the laws of Nebraska. On November 14, 1900, J. Z. Helm made application to appellant for membership and participation in its beneficiary fund. A beneficiary certificate for $3,000 issued and was kept by Helm until December 28, 1917, when it was canceled and a new certificate issued. On January 8, 1918, another certificate identical with the one issued in December, 1917, except that appellee, his wife, was named as beneficiary, was issued. Thereafter, on January 19, 1929, Helm made application to exchange said certificate for a new form ordinary whole life certificate. The application was granted, and the policy here sued on was issued.

Helm died on July 5, 1932, and the installment due on the policy for the month of June had not been paid on that date, but was paid by his sister-in-law, Mrs. Urch, on the following day. Appellant tendered back the installment, but appellee refused to accept it.

In answer to a suit filed by appellee on the certificate, appellant pleaded that Helm had failed to pay the monthly premium for June, 1932, and had therefore, under the laws and by-laws of appellant, ceased to be a member on the last day of June, 1932, and that under the conditions of the certificate and the laws and by-laws the certificate became void on the last day of June and not in effect at the time of Helm's death.

Appellee, in her supplemental petition, alleged in particularity the several payments made by Helm, and those acting for him, upon the certificate sued upon; the list thus alleged showing 27 premiums having been paid and 12 of them paid the month following the month when due. She then alleged that, by reason of appellant having accepted such overdue payments on so many occasions, a custom of dealing had been established between the parties so as to lead Helm to believe that a strict observance of the requirement as to the payment of dues was not exacted and had led him to believe that the payment of his dues might be made at any time during the month when due or the succeeding month; that by reason of such custom and practice an extension and enlargement of time beyond that designated by the laws of appellant had been established; and that by its course of conduct and by accepting payments from Helm continuously until the time of his death, appellant recognized the validity of the certificate, waived the provisions of its by-laws to the contrary, and became estopped to deny the validity of the certificate or of appellee's right to recover thereon.

At the conclusion of the testimony, the court instructed a jury to return a verdict for appellee, and, upon such verdict, rendered judgment against appellant for $3,000, and interest.

Appellant in due time filed its motion for a new trial, and, upon it being overruled, perfected its appeal to this court.

Opinion.

Appellant's brief contains the following two assignments of error: "The undisputed testimony showing that under the by-laws the deceased became automatically suspended and the policy sued on lapsed for the failure to pay the June premium during the month of June, and the deceased having died July 5th, with the premium still unpaid, the court erred in instructing the jury to return a verdict for the plaintiff"; and: "The Court erred in permitting plaintiff to testify that there was an extension of time by virtue of these late payments."

The by-laws contained these provisions:

"Sec. 63 (a). In order to accumulate and maintain funds for the payment of the benefits stipulated in beneficiary certificates held by the members of this Association, as and when such benefits accrue, to maintain the reserves thereon and to provide for the payment of the expenses of the Association, every member of the Association shall pay to the Financial Secretary of his Camp one annual assessment each year or one monthly installment of assessment each month, as required by these laws or by the provisions of his beneficiary certificate, which shall be credited to and known as the Sovereign Camp fund; and he shall also pay such Camp dues as may be required by the By-Laws of his Camp. Section 26 (g)."

"(b). If he fails to make any such payments on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, the contract between such persons and the Association shall thereby completely terminate, and all moneys paid on account of such membership

shall be retained by the Association as his liquidated proportionate part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension. * * *

"Sec. 65. Any member who becomes suspended because of the non-payment of any installment of assessment, if in good health, may within three calendar months from the date of his suspension again become a member of the association by the payment of the current installment of assessment and all installments of assessments which should have been paid to maintain him as a member. * * *

"Sec. 66 (b). Any attempt by a suspended person to again become a member shall not be effective for that purpose unless such person be in fact in good health at the time and continue in good health for thirty days thereafter, and the payment of any unpaid installment of assessment shall be a warranty that such person is at the time in good health and that if the warranty is not true the certificate shall be null and void."

■ By virtue of these provisions, and especially section 65, appellant argues that Helm had the right within three months after default to pay up the past-due premiums, and that appellant was obligated to accept them and reinstate the policy, and that, therefore, the fact that overdue payments had been accepted by appellant's agent constituted no waiver of the ipso facto forfeiture provision in the by-laws. This argument, however, finds no support in the record. It is undisputed that Helm was not in good health during the last ten years of his life, and that appellant was aware of the fact for more than a year before his death. Under that state of facts, he would not have been entitled to be reinstated had he been suspended, and appellant would not have been obligated to accept payments from him after his suspension.

We are therefore confronted with the situation in which appellant, in the face of its by-law provision that the beneficiary certificate should become void if the member failed to pay his installment assessment before the last day of the month, had accepted twelve out of the twenty-seven payments made by Helm and on his behalf after the expiration of the month when due, and with one exception had offered no protest or made any attempt to forfeit the certificate.

It is apparent from the record that Helm's payment for September, 1931, was not made until October 16, 1931, after Bartholomae had sent in his remittance; that appellant on October 26th wrote to Helm about his payment; that Helm, on November 25th, wrote appellant inquiring as to the standing of his membership; and that appellant then advised him that he was in good standing, calling his attention to the fact that since the September installment regular remittances had been received on his account. This letter was written after appellant knew that Helm was not in good health, and therefore not entitled to reinstatement.

This action on the part of appellant, taken together with the custom in vogue to allow the members to pay their installments up to the 9th or 10th of the month following, seems to us to be clearly sufficient to show a waiver on appellant's part of its forfeiture provision. This position is, we think, sustained by authority, but more especially by the case of Supreme Lodge, K. P., v. Hooper (Tex. Civ. App.) 282 S. W. 867 (writ refused), in which the facts are almost identical.

■ The evidence, aside from the testimony of appellee, that there was an extension of time by virtue of the late payments, being sufficient to show a waiver as a matter of law, the admission of the statement cannot constitute reversible error. And especially will this be true where the case was taken from the jury and passed upon by the court alone.

Finding no reversible error, the judgment of the trial court is in all things affirmed.